**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SOKOLSKYFILM, INC.,

*Plaintiff*,

v.

MODERN SPACES JC LLC and ERIC BENAIM,

*Defendants*.

Case No: 1:25-cv-00130 (ERK)(CHK)

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**SANDERS LAW GROUP**
Dina Nouhian, Esq.
Craig B. Sanders, Esq.
Jonathan M. Cader, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ II

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 5

I. STANDARD OF REVIEW ........ 5

II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT ........ 6

A. Plaintiff Owns Valid Copyrights to The Photographs ........ 6

B. Defendant Engaged in Actionable Copying ........ 7

CONCLUSION ........ 8

SANDERS LAW GROUP

SG SANDERS LAW GROUP

TABLE OF AUTHORITIES

**Cases**

*Abdin v. CBS Broad. Inc.*,
971 F.3d 57 (2d Cir. 2020) ........ 6

*Anderson v. Liberty Lobby, Inc*.,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........ 5

*Boisson v. Banian, Ltd.*,
273 F.3d 262 (2d Cir. 2001) ........ 6, 7

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ........ 4, 5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ........ 6

*Fonar Corp. v. Domenick*,
105 F.3d 99 (2d Cir. 1997) ........ 6

*Fujitsu Ltd. v. Fed. Express Corp*.,
247 F.3d 423 (2d Cir. 2001) ........ 5

*Holcomb v. Iona Coll*.,
521 F.3d 130 (2d Cir. 2008) ........ 5

*Jorgensen v. Epic/Sony Records*,
351 F.3d 46 (2d Cir. 2003) ........ 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*.,
475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ........ 5

*Michael Grecco Prods., Inc. v. Valuewalk, LLC*,
345 F. Supp. 3d 482 (S.D.N.Y. 2018) ........ 5

*Sohm v. Scholastic Inc*.,
959 F.3d 39 (2d Cir. 2020), abrogated on other grounds by *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 144 S. Ct. 1135, 218 L. Ed. 2d 363 (2024) ........ 6

*Wozniak v. Warner Bros. Ent. Inc*.,
726 F. Supp. 3d 213 (S.D.N.Y. 2024) ........ 6

*Yurman Design, Inc. v. PAJ Inc*.,
262 F.3d 101 (2d Cir. 2001) ........ 5, 6

**Statutes**

17 U.S.C.
§ 101 .......... 1
§ 410(c) .......... 6
§ 501 .......... 1

**Rules**

Fed. R. Civ. Pro.
56 .......... 1
56(a) .......... 4

SLG SANDERS · LAW GROUP ·

Plaintiff, Sokolskyfilm Inc. ("*Plaintiff*"), by and through its undersigned attorneys, hereby submits the instant Memorandum of Law in support of its motion for summary judgment on the issue of liability against the defendants, Modern Spaces JC LLC ("*Modern Spaces*") and Eric Benaim ("*Benaim*") (collectively, "*Defendants*") pursuant to Fed. R. Civ. Pro. 56.

## PRELIMINARY STATEMENT

This case arises under the Copyright Act (17 U.S.C. § 101, *et seq.*). Plaintiff commenced this action upon discovering that Defendants copied, stored and displayed three of its copyright-protected photographs without license or permission in violation of *inter alia,* 17 U.S.C. § 501. The First Amended Complaint (the "*FAC*") in this action sets forth a single claim for relief for direct copyright infringement.

As set forth herein, in order to state a claim for direct copyright infringement, Plaintiff must satisfy a simple two-part test, *to wit,* ownership of a valid copyright and infringement of one or more of the exclusive rights granted to the copyright owner under the Act. Here, Plaintiff is entitled to summary judgment on the issue of liability as both criteria have been met. More specifically, the evidence in the record shows that Plaintiff holds valid certificates of registration from the United States Copyright Office for the photographs at issue and Defendants' Answer and response to Plaintiff's Request for Admissions admit that exact copies of Plaintiff's photographs were displayed on their social media accounts and that Defendants did not have a license or other permission from Plaintiff (or any other rightsholder) to display the photographs. Taken together, the foregoing facts are more than sufficient to establish Plaintiff's *prima facie* claim for direct copyright infringement. Accordingly, summary judgment should be granted to Plaintiff.

SLG SANDERS LAW GROUP

## STATEMENT OF FACTS[1]

Melvin Sokolsky ("*Melvin*") is an award-winning photographer best known for his pioneering work within the photography industry, creating true works of art. *SUF* at ¶ 1. Bing Sokolsky ("*Bing*") is Melvin's son and succeeding heir who worked alongside his father and went on to become a renowned cinematographer in his own right. *SUF* at ¶ 2. Bing is the succeeding heir of all of Melvin's works and intellectual property rights therein. *SUF* at ¶ 8. Melvin founded Sokolskyfilm Inc in 1982 and Bing became the Chief Executive Officer of Plaintiff in 2024. *SUF* at ¶ 5. As a result of his work and talent, Melvin had received the most coveted awards throughout the years and his works hang in galleries and museums throughout the world to this day, including the MOMA, the Victoria and Albert, the Getty and the Louvre. *Id* at ¶ 4.

Melvin and Bing have invested a significant amount of time and money over the course of the past seven (7) decades in building the photograph portfolio and have achieved international recognition for the photography work. *Id*. at ¶ 6. Melvin and Bing regularly sought to register the photographs Melvin created with the United States Copyright Office (the "USCO") for copyright protection, either in his own name or in Plaintiff's name and, in the former event, assigned rights in those images to Plaintiff for marketing and other purposes. *Id*. at ¶ 7. Melvin's works were inherited by Bing upon Melvin's passing, through his estate. *SUF* at ¶8. The works were then transferred to Plaintiff by a written transfer assignment. *SUF* at ¶9.

Relevant to this case, Melvin created a series of "flying" photographs where he captured women flying over streets and buildings in the 1960's. *SUF* at ¶ 10. The first picture is named

[1] The facts of this case are taken from Plaintiff's contemporaneously filed Statement of Undisputed Facts ("*SUF*") unless otherwise indicated.

SLG SANDERS LAW GROUP

Fly Low ("*Photograph 1*"), the second is named Fly High ("*Photograph 2*") and the third is named Fly Dior ("*Photograph 3*") (collectively, "*Photographs*"). *SUF* at ¶ 11. To take the Photographs, Melvin designed the scenes, built a crane which the models were suspended from, planned the locations, buildings and streets, traveled to another country, perfected the photographs by painting over them after they were captured and printed, and overall planned, managed and designed every aspect involved in the creation of these works. *SUF* at ¶ 12. Melvin was solely responsible for determining how the women were placed and suspended, along with the locations in which he took the photographs. *SUF* at ¶ 15. Melvin selected the timing, lighting, angle, perspective, depth, lens and camera equipment used, and made each and every artistic determination necessary for the creation of the Photographs, including foreground and background elements, and elemental settings. *SUF* at ¶ 16. Melvin created the Photographs with the intention of them being used commercially and for the purpose of display and public distribution. *SUF* at ¶ 17.

On February 25, 2009, Photographs 2 and 3 were registered by the USCO under Registration No. TX 7-387-426. *SUF* at ¶ 18. On July 12, 2018, Photograph 1 was registered by the USCO under Registration No. TX 7-387-426. *Id*. at ¶¶ 15. *SUF* at ¶ 19. Plaintiff acquired the rights to the Photographs by way of a written transfer assignment. *SUF* at ¶ 9.

Defendant Modern Spaces is a limited liability company organized and existing under the laws of the State of New York. *SUF* at ¶20 . Defendant Benaim is an individual with a primary residence in the State of New York *SUF* at ¶ 21. Modern Spaces is a real estate brokerage and developer company. *SUF* at ¶ 23. Benaim is the CEO, President and Founder of Modern Spaces. *Id.* at ¶ 22.

Benaim owns and operates a social media account under the name @ericbenaim on

Instagram ("*Account 1*"). *SUF* at ¶ 24. Modern Spaces owns and operates a social media account under the name "Modern Spaces" on Facebook ("*Account 2*"). *SUF* at ¶ 25. Benaim owns and operates a social media account under the name "Eric Benaim" on domain Facebook ("*Account 3*") (Accounts 1, 2 and 3 collectively referred to as the "*Accounts*") *SUF* at ¶ 26. Defendants' ownership and operation of the Accounts is a part of a commercial venture and Defendants derive a financial benefit from their ownership and operation of the Accounts. *Id*. at ¶ 29.

On or about April 4, 2021, without permission or authorization from Plaintiff, Benaim volitionally copied and displayed the Photographs on Account 1 as part of social media posts at URL https://www.instagram.com/p/CSKNMsoL0n4/?img_index=1. ("*Infringement 1*"), at URL https://www.instagram.com/p/CSKNMsoL0n4/?img_index=2 ("*Infringement 2*") and at URL https://www.instagram.com/p/CSKNMsoL0n4/?img_index=3 ("*Infringement 3*"). *SUF* at ¶ 30. Plaintiff first observed Infringements 1-3 on September 15, 2024. *SUF* at ¶ 31.

On or about August 4, 2021, without permission or authorization from Plaintiff, Modern Spaces volitionally copied and displayed the Photographs on Account 2 as part of four social media posts at URL https://www.facebook.com/photo?fbid=10161096023222437&set=pcb.10161096024327437. ("*Infringements 4-7*"). *SUF* at ¶ 32. Plaintiff first observed Infringements 4-7 on September 15, 2024. *Id*. at ¶ 334.

On or about August 4, 2021, without permission or authorization from Plaintiff, Benaim volitionally copied and displayed the Photographs on Account 3 as part of four social media posts at URL https://www.facebook.com/photo/?fbid=4239865229440039&set=pcb.4239865696106659 ("*Infringements 8-11*"). *SUF* at ¶ 34. Plaintiff first observed Infringements 8-11 on January 6, 2025. *SUF* at ¶ 35.

Defendants admit that they were responsible for posting the Photographs to the Accounts,

SG SANDERS LAW GROUP

and that they did not alter the Photographs prior to posting it to the Accounts. *SUF* at ¶¶ 36-37. Defendants admit that they did not have a license or other permission from Plaintiff or from any other rightsholder to use the Photograph. *SUF* at ¶ 38.

**ARGUMENT**

Plaintiff is entitled to summary judgment on the issue of liability as to its claim for direct copyright infringement insofar as the undisputed evidence shows that it holds valid certificates of copyright registration for the Photographs and Defendants' admissions establish that they copied and displayed the Photographs on their Accounts without license or other permission from Plaintiff.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. Pro. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law)." (internal quotations omitted). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, and, if satisfactory, the burden shifts to the non-movant to present evidence sufficient to satisfy every element of the claim. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548).

To defeat a motion for summary judgment, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of

a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348 (citations omitted), and she "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp*., 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted).

As set forth herein, Defendants will be unable to show that there are any questions of material fact that would warrant denial of summary judgment, insofar as the admissions in evidence show that they copied, stored and displayed Plaintiff's copyright-protected works on their Accounts and did so without license or permission from Plaintiff (or from anyone else).

SLG SANDERS · LAW GROUP ·

## II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT

As Your Honor has properly held, to prove direct copyright infringement a plaintiff "must demonstrate (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *CouponCo Worldwide, Inc. v. Carter Mag., LLC*, No. 24-CV-8307 (ERK) (MMH), 2025 WL 2663990, at *2 (E.D.N.Y. Sept. 17, 2025) (citing *Yurman Design, Inc.*, 262 F.3d at 110 (internal quotation marks omitted)); *see also Abdin v. CBS Broad. Inc.,* 971 F.3d 57, 66 (2d Cir. 2020). This is commonly referred to as the *Feist* test. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). As is set forth below, Plaintiff has satisfied both prongs of the *Feist* test.

### A. PLAINTIFF OWNS VALID COPYRIGHTS TO THE PHOTOGRAPHS

In accordance with 17 U.S.C. § 410(c), in "any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17

U.S.C. § 410(c); *see also Wozniak v. Warner Bros. Ent. Inc*., 726 F. Supp. 3d 213, 227 (S.D.N.Y. 2024) (same). Here, Plaintiff has presented valid copyright registration certificates issued by the U.S. Copyright Office, which raises a rebuttable presumption that the works in question are copyrightable as well as original. *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997); *Boisson v. Banian, Ltd.,* 273 F.3d 262, 268 (2d Cir. 2001). Once presented, the burden shifts to the defendant to disprove the validity of the copyright and there the burden rests unless the presumptions are rebutted. *Fonar*, 105 F.3d at 104 (citation omitted). The presumption of validity may be rebutted only by other evidence in the record. *Id.* Here, there are no facts in the record to which Defendants could cite that would operate to rebut the presumption of the validity of the copyright registrations and, therefore, Plaintiff has satisfied the first *Feist* element.

### B. DEFENDANT ENGAGED IN ACTIONABLE COPYING

As to the second element of the *Feist* test, a copyright holder must demonstrate that the alleged infringer is "copying," i.e., engaging in the copyright owner's exclusive rights as provided by 17 U.S.C. § 106 with regard to the original and protected aspects of the work. *Jeremiah v. 5 Towns Jewish Times, Inc*., No. 22CV5942NGGCLP, 2023 WL 5703698, at *5-6 (E.D.N.Y. Sept. 5, 2023)). "Actual copying may be established by direct or indirect evidence." *Boisson,* 273 F.3d at 267; see also *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

In this case, actual copying has been established by both direct and indirect evidence. As to the first point, Defendants admitted to displaying the Photographs on their Accounts and that they did not alter the Photographs in any way. Accordingly, there is direct evidence of Defendants' copying. The existence of direct evidence in the record alleviates the need to prove copying by indirect evidence, however, to the extent that there is any question, a side-by-side comparison of Plaintiff's Photographs and Defendants' Infringements shows a substantial similarity between the two, if they are not identical. As a result, it is respectfully submitted that the Court should find that



SLG SANDERS ·LAW GROUP·

Plaintiff has articulated a viable claim as to liability for copyright infringement as a matter of law.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant summary judgment in its favor on the sole count of its Complaint and find Defendant liable for direct copyright infringement, together with such other further relief as this Court deems just and proper.

Dated: January 2, 2026

**SANDERS LAW GROUP**

By: */s/ Dina Nouhian*
Dina Nouhian, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY
Tel: (516) 203-7600
Email: dnouhian@sanderslaw.group
*Attorneys for Plaintiff*

SLG SANDERS ·LAW GROUP·