UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

SOKOLSKYFILM, INC.,
Plaintiff,

- against –

MODERN SPACES JC LLC, and
ERIC BENAIM,

Defendants.

--------------------------------------------------------------------X

Case No: 1:25-cv-00130 (ERK)(MMH)

**DEFENDANTS MODERN SPACES JC LLC's AND ERIC BENAIM'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**WARSHAW BURSTEIN, LLP**
*Attorneys for Defendants*
*Modern Spaces JC LLC, and Eric Benaim*
575 Lexington Avenue, 7th Floor
New York, New York 10022
(212) 984-7700

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ii-iii

PRELIMINARY STATEMENT 1

RELEVANT FACTS 4

ARGUMENT 4

POINT I

THE STANDARD FOR DEFEATING SUMMARY JUDGMENT 4

POINT II

PLAINTIFF'S CLAIMS ARE TIME BARRED 7

POINT III

NONE OF THE AUTHORITIES RELIED UPON BY PLAINTIFF OVERCOME ITS FAILURE TO ESTABLISH THAT ITS CLAIMS ARE TIMELY 8

CONCLUSION 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdin v. CBS Broadcasting Inc.*,
971 F.3d 57 (2d Cir. 2020) ....................9

*Baker v. Hannah-Jones*,
2024 WL 5090086 (S.D.N.Y. Dec. 1, 2024) ....................7

*Boisson v. Benian, Ltd.*,
273 F.3d 262 (2d Cir. 2001) ....................10

*CouponCo Worldwide, Inc. v. Carter Mag., LLC*,
2025 WL 2663990 (E.D.N.Y. Sept. 17, 2025) ....................9

*Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ....................9

*Ferrarini v. Irgit*,
2021 WL 638771 (S.D.N.Y. Feb. 17, 2021)....................5

*Fonar Corp. v. Domenick*,
105 F.3d 99 (2d Cir. 1997) ....................10

*Jeremiah v. 5 Towns Jewish Times, Inc.*,
2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023) ....................10

*Jorgensen v. Epic/Song Records*,
351 F.3d 46 (2d Cir. 2003) ....................10

*Katz v. Goodyear Tire & Rubber Co.*,
737 F.2d 238 (2d Cir. 1984) ....................3, 5

*Knipe v. Skinner*,
999 F.2d 708 (2d Cir. 1993) ....................7

*Lindsay v. Association of Professional Flight Attendants*,
581 F.3d 47 (2d Cir. 2009) ....................5

*Lixenberg v. Complex Media, Inc.*,
2025 WL 3022336 (S.D.N.Y. Oct. 29, 2025)....................3, 4

*Maslan v. Am. Airlines, Inc.*,
885 F.Supp. 90 (S.D.N.Y. 1995)....................3

*Michael Grecco Productions, Inc. v. RADesign, Inc.*,
112 F.4th 144 (2d. Cir. 2024) ........................................ 3, 4, 6, 7

*Muench Photography, Inc. v. Houghton Mifflin Hardcourt Pub. Co.*,
2013 WL 4464002 (S.D.N.Y. Aug. 21, 2013) ........................................ 5

*Murphy v. Murphy*,
2025 WL 963999 (E.D.N.Y. Mar. 30, 2025) ........................................ 4-5

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014) ........................................ 6

*Psihoyos v. John Wiley & Sons, Inc.*,
748 F.3d 120 (2d Cir. 2014) ........................................ 6, 8

*Repp v. Webber*,
132 F.3d 882 (2d Cir. 1997) ........................................ 5

*Robertson v. Seidman & Seidman*,
609 F.2d 583 (2d Cir. 1979) ........................................ 7

*Secret Garden USA, Inc. v. McIlwain*,
2010 WL 6634709 (W.D.N.Y. Sept. 22, 2010), *report and recommendation adopted*, 2011 WL 1832838 (W.D.N.Y. May 13, 2011) ........................................ 4

*Staehr v. Hartford Finanical Services Group, Inc.*,
547 F.3d 406 (2d Cir. 2008) ........................................ 6

*Syntel Sterling Best Shores Mauritus Limited v. TriZetto Group, Inc.*,
2020 WL 08083583 (E.D.N.Y. Sept. 30, 2020) ........................................ 5, 6

*W. Tusho, Ltd. v. Prescott Bush & Co.*,
No. 92 Civ. 3378 (DLC), 1994 WL 710798 (S.D.N.Y. Dec. 20, 1994) ........................................ 5

*Wozniak v. Warner Bros. Entertainment Inc.*,
726 F.Supp.3d 213 (S.D.N.Y. 2024) ........................................ 9-10

**Rules**

Fed. R. Civ. P. 8(c)(1) ........................................ 6

Fed. R. Civ. P. 56(a) ........................................ 5

**Statutes**

17 U.S.C. § 101 ........................................ 1

17 U.S.C. § 507(b) ........................................ 3, 5, 6

## PRELIMINARY STARTEMENT

Defendants Modern Spaces JC LLC, ("Modern Spaces") and Eric Benaim ("Benaim") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Sokolskyfilm Inc.'s motion for summary judgment, for liability only.

This copyright infringement case was commenced pursuant to the Copyright Act, 17 U.S.C. § 101, concerning three photographs taken by Melvin Soklosky in the 1960s: (i) Fly Low; (ii) Fly High; and (iii) Fly Dior (collectively, the "Photographs"). Plaintiff's motion for summary judgment should be denied because Plaintiff has not established that its claims are timely. There are genuine issues of material fact for trial as to whether Plaintiff discovered should have discovered the August 4, 2021 Facebook and Instagram posts (the "Posts") prior to January 8, 2022, three years before this action was commenced.

The Defendants do not deny that on August 4, 2021, Eric Benaim took pictures of a dream board that was created and presented by non-party Conway and Partners ("Conway") during a meeting with developer BGY Cityview LLC (the "Developer"), to show Conway's inspiration for the prospective creative and advertising theme for the residential condominium construction project known as Skyline Tower, located in Long Island City, New York (the "Skyline Tower Project"). See Eric Benaim's Declaration in Support of Defendants' Motion for Partial Summary Judgment, dated January 7, 2026 (the "Benaim SJ Decl.") at ¶¶4-16.[1] The dream board incorporated copies of the subject Photographs. Eric Benaim then posted the pictures he took of Conway's dream board to Facebook and Instagram, to give a behind-the-scenes look at Modern Spaces' day-to-day business. Id., at ¶¶12-15. Eric Benaim believed that he had the authority to post

---

[1] See Exhibit F to the accompanying Declaration of Maxwell J. Rubin in Opposition to Plaintiff's Motion for Summary Judgment, dated January 29, 2026 (the "Rubin SJ Opp Decl.").

his images of the dream board because it had been presented to Modern Spaces by Conway, who was the Developer's creative advertising agent. Id., at ¶15. Modern Spaces was not the Developer's advertising agent. Modern Spaces did not perform any advertising services on the Skyline Tower Project. Id., at ¶¶4-7.

The Posts received minimal views and only three (3) likes. See Benaim SJ Decl. at ¶16. The Posts were the total extent of the Defendants' use of the Photographs. Modern Spaces did not use the Photographs in any of its materials for the Skyline Tower Project and Conway did not use the Photographs in any creative and/or advertisements for the Skyline tower Project. See Benaim SJ Decl. at ¶¶17-21. Nor did Modern Spaces generate any revenue or profits from the Photographs because Modern Spaces' contract was terminated by the Developer shortly thereafter due to the Covid-19 pandemic's negative effects on the Long Island City residential real estate market. Id.., at ¶18.

The merits of Plaintiff's allegations are irrelevant if its claims are time-barred. Plaintiff commenced this action on January 8, 2025. (Dkt. 1) See also Ex. A to the Rubin SJ Opp. Decl. January 8, 2025 is more than three (3) years after August 4, 2021. Plaintiff alleges that it did not discover the Posts until September 15, 2024 and January 6, 2025 respectively. See Plaintiff's First Amended Complaint (the "Amended Complaint") at ¶¶36, 37, 38, 40.[2] See also Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1(a) (the "Plaintiff's SJ Statement of Facts") at ¶¶31, 33, and 35.[3]

---

[2] See Ex. B to the Rubin SJ Opp. Decl.

[3] Plaintiff's SJ Statement of Facts also alleges that the Defendants copied and displayed the Photographs on April 4, 2021. See Plaintiff's SJ Statement of Facts at ¶30. The Defendants are not aware of any posts made on April 4, 2021. Plaintiff did not submit any evidence demonstrating the existence of posts made on April 4, 2021.

A copyright infringement claim brought under the Copyright Act must be commenced within three years after the claim accrues. *Lixenberg v. Complex Media, Inc.*, 2025 WL 3022336 at * 4 (S.D.N.Y. Oct. 29, 2025) quoting 17 U.S.C. § 507(b). This Circuit uses the "discovery rule" (the "Discovery Rule") which, for statute of limitation purposes, states that "`an infringement claim does not '*accrue'* until the copyright holder discovers, or with due diligence should have discovered, the infringement.´" *Michael Grecco Productions, Inc.*, 112 F.4th at 150 (quotation omitted) (emphasis in original).

"Questions of fact that arise in applying a statute of limitations are for the trier of fact." *Maslan v. Am. Airlines, Inc.*, 885 F. Supp. 90, 93 (S.D.N.Y. 1995), *citing* *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 n.2 (2d Cir.1984). Whether Plaintiff discovered, or *should* have discovered, the Posts prior to January 8, 2022 presents a factual issue that cannot be resolved on summary judgment. Plaintiff's moving papers do not address its failure to commence this action within three years of August 4, 2021. Nor does Plaintiff address Defendants' First Affirmative Defense objecting to Plaintiff's claims as time-barred. See Ex. C to the Rubin SJ Opp. Decl., at ¶75.

Plaintiff's deposition testimony raises issues of fact. Plaintiff's witness, Bing Sokolsky, testified that he began using Titan Copyright Software ("Titan Copyright") to monitor alleged copyright infringements after Melvin Sokolsky passed away in 2022. See Ex. D to the Rubin SJ Opp. Decl., at 19:4-12. Bing Sokolsky testified that Titan Copyright discovered the Posts. Id., at, 20:2-6. Critically, however, he could not remember the date of discovery. Moreover, Bing Sokolsky did not provide any testimony concerning why he and/or his father did not use a copyright monitoring service such as Titan Copyright in 2021, which presumably should have discovered the Posts prior to January 8, 2022.

Therefore, there are triable issues of fact as to whether Plaintiff exercised adequate due diligence in order to benefit from the discovery rule, and this fact-intensive inquiry cannot be decided on Plaintiff's motion papers alone. Especially if the Posts caused as much economic damage as Plaintiff alleges.[4] *Lixenberg v. Complex Media, Inc.*, 2025 WL 302236 at * 4, quoting *Michael Grecco Productions, Inc.*, 112 F.4th at 151.

Therefore, Plaintiff's summary judgment motion should be denied in its entirety.

## RELEVANT FACTS

In addition to the facts set forth above, the Court is respectfully directed to: (1) the accompanying Defendants' Statement of Undisputed Facts; (2) the SJ Opp. Rubin Decl.; and (3) the Benaim Decl. for a complete recitation of this motion's relevant facts.

## ARGUMENT

### POINT I

### THE STANDARD FOR DEFEATING SUMMARY JUDGMENT

The timeliness of Plaintiff's copyright claims can only be decided through a fact-intensive inquiry. As such, Plaintiff has failed to address Defendants' affirmative defense and establish its entitlement to summary judgment. *See, e.g.*, *Secret Garden USA, Inc. v. McIlwain*, 2010 WL 6634709, at *2 (W.D.N.Y. Sept. 22, 2010) ("In order to obtain summary judgment, Secret Garden must address and negate the possible applicability of the affirmative defenses asserted by defendants."), *report and recommendation adopted,* 2011 WL 1832838 (W.D.N.Y. May 13, 2011).

"Summary judgment is appropriate if the parties' submissions – including pleadings, deposition transcripts, affidavits, and other material in the record – show that there is `no genuine

---

[4] Defendants' SJ Motion conclusively demonstrates that the Posts *did not* harm the actual market for the Photographs in any way, shape, or form.

dispute as to any material fact and the movant is entitled to judgment as a matter of law´" *Murphy v. Murphy*, 2025 WL 963999 at * 4 (E.D.N.Y. Mar. 30, 2025) quoting Fed. R. Civ. P. 56(a). "The movant has the burden of demonstrating that no material fact is genuinely in dispute." *Murphy*, 2025 WL 96399 at * 4. Where a defendant raises affirmative defenses, the court "must address defendants' various affirmative defenses in order to determine if summary judgment is available." *W. Tsusho, Ltd. v. Prescott Bush & Co.*, No. 92 CIV. 3378 (DLC), 1994 WL 710798, at *3 (S.D.N.Y. Dec. 20, 1994).

"Clearly, the duty of a court on a motion for summary judgment is to determine whether there are any genuine issues of material fact to be resolved by trial and not to decide factual issues. In this regard, the court's task is issue identification, not issue resolution." *Repp v. Webber*, 132 F.3d 882, 888 (2d Cir. 1997). "`An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law.´" *Muench Photography, Inc. v. Houghton Mifflin Hardcourt Pub. Co.*, 2013 WL 4464002 at * 4 (S.D.N.Y. Aug. 21, 2013) quoting *Lindsay v. Association of Professional Flight Attendants*, 581 F.3d 47, 50 (2d Cir. 2009). "Where the statute of limitations operates as an affirmative defense … issues of fact as to the application of that defense must be submitted to the jury." *Katz*, 737 F.2d at 243 n.2.

A claim brought under the Copyright Act has a three-year statute of limitations. "Section 507(b) of the Copyright Act provides that a copyright claim must be `commenced within three years after the claim accrued.´" *Ferrarini v. Irgit*, 2021 WL 638771 at * 3 (S.D.N.Y. Feb. 17, 2021) quoting 17 U.S.C. § 507(b). "Damages for copyright infringement – regardless of whether they are calculated as a reasonable royalty – are available only for infringing acts occurring `three years back from the time of suit´; `[n]o recovery may be had for infringement in earlier years,´ and

´[p]rofits made in those years remain the [infringing party's] to keep.´" *Syntel Sterling Best Shores Mauritius Limited v. TriZetto Group, Inc.*, 2020 WL08083583 at 1 (E.D.N.Y. Sept. 30, 2020) quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014) (citing 17 U.S.C. § 507(b)). "This is true even though the Second Circuit applies the discovery rule to determine when a copyright infringement claim accrues, and looks to when `the copyright holder discovers, or with due diligence should have discovered the infringement.´" *Syntel Sterling Best Shores Mauritius Limited*, 2020 WL 8083583 at * 1, quoting *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014). "Under the discovery rule, a plaintiff can file a timely infringement claim for an infringing act that occurred more than three years ago, but for which the statute of limitations did not begin to accrue until later when the copyright holder `with due diligence should have discovered, the infringement.´" *Syntel Sterling Best Shores Mauritius Limited*, 2020 WL 8083583 at * 1, quoting *Psihovos*, 748 F.3d at 124.

"`The lapse of a limitations period is an affirmative defense that a defendant must plead and prove.´" *Michael Grecco Productions, Inc.*, 112 F.4th at 149 quoting *Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) quoting Fed. R. Civ. P. 8(c)(1). "Consequently, `an infringement claim does not '*accrue'* until the copyright holder discovers, or with due diligence should have discovered, the infringement.´" *Michael Grecco Productions, Inc.*, 112 F.4th at 150 (quotation omitted) (emphasis in original).

"The date on which a copyright holder, with the exercise of due diligence, would have discovered an infringement – or whether the alleged date of discovery reflected a lack of due diligence – *is a fact intensive inquiry* that cannot be determined from the general nature of a copyright holder's `sophistication´ alone. A sophisticated plaintiff may well discover an infringement sooner than their less practiced neighbor. But the answer to the discovery question

turns on *due diligence* – the fact-intensive inquiry of the copyright holder's efforts to discover the infringement." *Michael Grecco Productions, Inc.*, 112 F.4th 144 at 152 (emphasis added).

Here, "[t]he question whether [Plaintiff] exercised due diligence, and thus is not precluded by the statute of limitations from maintaining this action, is a question of fact that should be determined by the jury as the trier of the facts." *Robertson v. Seidman & Seidman*, 609 F.2d 583, 592–93 (2d Cir. 1979). The timeliness of Plaintiff's claims can only be determined after a fact-intensive inquiry of whether or not it should have been able to discover the Posts prior to January 8, 2022. *Baker v. Hannah-Jones*, 2024 WL 5090086 at * 2 (S.D.N.Y. Dec. 11, 2024) quoting *Michael Grecco Prods., Inc.*, 112 F.4th at 150. Therefore, Plaintiff has not demonstrated the absence of triable issues of material fact, and its motion for summary judgment should be denied in its entirety.

**POINT II**

**PLAINTIFF'S CLAIMS ARE TIME BARRED**

Plaintiff's claims are time barred because Plaintiff commenced this action more than three years after August 4, 2021. Plaintiff admits that Titan Copyright discovered the Posts. The Defendants notified Plaintiff of their statute of limitations defense in their Amended Answer. See Ex. to the Rubin SJ Opp. Decl, at ¶75. Plaintiff failed to address Defendants' statute of limitations defense in their motion papers. Plaintiff cannot raise new facts and allegations in reply. "Arguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

It is undisputed that Titan Copyright discovered the Posts. "I didn't find Modern Spaces until Titan Copyright found them." See Ex. D to the Rubin SJ Opp. Decl., at 20:2-3. Since Modern

Spaces' posts received 0 likes and comments,[5] it is implausible that Plaintiff simply stumbled upon the Posts more than 3 years after August 4, 2021. There is no connection whatsoever between Plaintiff and Defendants. Plaintiff is a California corporation. See Ex. A to the Rubin SJ Opp. Decl., at ¶7. Defendants are Long Island City based real estate brokers. See Benaim SJ Decl., at ¶3. There is no competition whatsoever between Plaintiff and Defendants. The only way Plaintiff was going to discover the Posts would have been through copyright monitoring software, such as Titan Copyright, which was available to Plaintiff long before 2021. If Plaintiff had used a copyright monitoring program, such as Titan Copyright, then it should have found the Posts before January 8, 2022. Therefore, the extent of Plaintiff's due diligence, including whether or not it should have been using copyright monitoring software, is a fact intensive inquiry, and only after this fact intensive inquiry can it be determined if Plaintiff can benefit from the discovery rule. See *Psihoyos*, 748 F.3d at 124; *Michael Grecco Productions, Inc.*, 112 F.4th 144 at 152.

Therefore, Plaintiff's motion for summary judgment should be denied.

## POINT III

## NONE OF THE AUTHORITIES RELIED UPON BY PLAINTIFF OVERCOME ITS FAILURE TO ESTABLISH THAT ITS CLAIMS ARE TIMELY

None of the authorities cited by Plaintiff in its moving memorandum of law overcome its failure to even address, let alone establish, that its claims are timely. In its motion for summary judgment Plaintiff makes two arguments: (i) that it owns the copyrights to the Photographs; and (ii) that Defendants copied the Photographs. Defendants do not dispute Plaintiff's ownership of the copyrights for the Photographs. Defendants deny that they did not have the authority to post the Photographs because the Photographs were included in a presentation by the Developer's

[5] See Ex. B to the Rubin SJ Opp. Decl. Dkt. 25-2, Pgs. 4-11.

advertising agent. Regardless, these two arguments do not matter because Plaintiff's claims are time barred.

Plaintiff cites to *CouponCo Worldwide, Inc. v. Carter Mag., LLC*, 2025 WL 2663990 at *2 (E.D.N.Y. Sept. 17, 2025) which is an inapplicable decision granting Plaintiff's Counsel's default judgment motion. There was no answer nor affirmative defenses filed in *CouponCo Worldwide, Inc.* The timeliness of the plaintiff's claims was not at issue when Plaintiff's Counsel moved for a default judgment against Carter Magazine, LLC. If anything, *CouponCo Worldwide, Inc.* supports Defendants' motion for summary judgment on the grounds that Plaintiff does not have any actual damages and statutory damages, if any, should be capped at the $750 minimum because a reasonable paying client would not be willing to pay exorbitant attorneys' fees to effectively litigate a case in which it has no actual damages. *CouponCo Worldwide, Inc.*, 2025 WL 2663990 at * 4.

*Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57 (2d Cir. 2020) also supports the Defendants because the Second Circuit Court of Appeals affirmed the dismissal of the plaintiff's complaint. Regardless, *Abdin* is inapplicable to the case at bar because it does not concern the timeliness of plaintiff's allegations.

*Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) concerns whether or not a party can copyright certain facts. It does not address the discovery rule nor plaintiff's due diligence.

*Wozniak v. Warner Bros. Entertainment Inc.*, 726 F.Supp.3d 213, 234 (S.D.N.Y. 2024) is not on point because "Wozniak's act of uploading a copy of the Story to the Copyright Office was a separate act of infringement, the limitations period began to run the day he did so: August 9, 2022. DC Comics' copyright infringement claim based on this act, brought within three years of that date is timely." *Wozniak*, 726 F.Supp.3d at 234. In the case at bar, Plaintiff's copyright

infringement claim is based on the August 4, 2021 Posts, therefore, because this action was not commenced on or before August 4, 2024, Plaintiff's due diligence and whether or not it should have discovered the Posts prior to January 8, 2022 is at the very least a triable issue of material fact.

*Fonar Corp. v. Domenick*, 105 F.3d 99 (2d Cir. 1997) is inapplicable because it does not address the timeliness of plaintiff's claims and the Defendants do not dispute Plaintiff's ownership of the copyrights for the Photographs.

*Jeremiah v. 5 Towns Jewish Times, Inc.*, 2023 WL 5703698 at * 5-6 (E.D.N.Y. Sept. 5, 2023) is an inapplicable default judgment decision. In *Jeremiah*, Plaintiff's Counsel satisfied its burden to demonstrate copying because the defendant defaulted. "By failing to participate in this action, defendant has essentially conceded this element of plaintiff's copyright infringement claim. Thus, plaintiff has satisfied the second element necessary for demonstrating infringement." Id. Regardless, *Jeremiah* does not concern a statute of limitations defense.

Here, Defendants did not post the Photographs. Defendants posted a picture taken by Eric Benaim that included the Photographs, which were included on a mood board produced by Conway.

Likewise, *Boisson v. Banian, Ltd*, 273 F.3d 262 (2d Cir. 2001) is inapplicable because it does not address any statute of limitations issues. Lastly, *Jorgensen v. Epic/Song Records*, 351 F.3d 46 (2d Cir. 2003) is also inapplicable because it also does not address any statute of limitations issues.

Plaintiff's moving papers omit any reference to the fact that it commenced this action more than three years after August 4, 2021. Plaintiff did not cite any authorities that would support the timeliness of its claims. Defendants do not dispute the ownership of the copyrights to the

Photographs. However, Plaintiff's failure to address, let alone establish, that its claims are not timed barred is a material issue of fact that was not addressed by Plaintiff.

Therefore, Plaintiff's motion for summary judgment should be denied in its entirety.

## CONCLUSION

For the reasons set forth herein, Plaintiff has failed to demonstrate its entitlement to summary judgment. As such, Plaintiff's motion for summary judgment should be denied in its entirety.

Dated: New York, New York
February 6, 2026

WARSHAW BURSTEIN, LLP

By: _/s/ Maxwell Rubin

Marc A. Lavaia, Esq.
Maxwell J. Rubin, Esq.
Branden Lynn, Esq.
575 Lexington Avenue, 7th Floor
New York, New York 10022
(212) 984-7700
mlavia@wbny.com
mrubin@wbny.com
blynn@wbny.com
*Attorneys for Defendants*